

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Joel Armando SANCHEZ,<br><br>Defendant. | Case No.: **21MJ08707-RBM**<br><br>**FINDINGS OF FACT AND ORDER OF DETENTION** |
|---|---|

In accordance with Title 18 U.S.C. § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141, et seq.), a detention hearing was held on August 26, 2021, to determine whether Defendant, Joel Armando SANCHEZ, should be held in custody pending trial on the grounds that he is a flight risk. Assistant United States Attorney Courtney Strange appeared on behalf of the United States. James Johnson of Federal Defenders, Inc. appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and the Defendant, the Pretrial Services Officer, and the Complaint issued against the Defendant on August 23, 2021 by this Court, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions required will reasonably assure the appearance of the Defendant.

# I

# **FINDINGS OF FACT**

A. <u>Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(g)(1))</u>:

1. The Defendant is charged in Criminal Complaint No. 21MJ08707 with the importation of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, U.S.C., §§ 952 and 960. Therefore, probable cause exists to believe the Defendant committed the charged offense.

2. According to the United States Sentencing Guidelines, the Base Offense level is 38. <u>See</u>, USSG § 2D1.1(c)(1). Assuming the Defendant's criminal history score places him in Criminal History Category V, <u>see</u>, USSG § 4A1.1, the sentencing range for the Defendant is 360 months to life in prison.

B. <u>Weight of the Evidence Against the Defendant (18 U.S.C. §3142(g)(2))</u>:

1. On August 20, 2021, at approximately 10:06 a.m., Joel Armando Sanchez (SANCHEZ), a United States citizen traveling from Mexico, presented himself for inspection through vehicle primary lane number seven at the Calexico, California West Port of Entry. SANCHEZ was the driver and sole occupant of a white 2001 Chevrolet Tahoe (Chevrolet) bearing California license plates. SANCHEZ is not the registered owner of the Chevrolet.

2. While conducting his initial primary inspection, a Customs and Border Protection Officer (CBPO) tapped the fuel tank of the Chevrolet and noticed that it sounded solid. The CBPO then referred SANCHEZ and the Chevrolet for a secondary inspection. A Canine Enforcement Officer (CEO) screened the Chevrolet with his Human and Narcotic Detection Dog (HNDD), which gave a positive alert to the fuel tank of the vehicle. The CEO tapped the fuel tank and also noticed that it sounded and felt abnormally solid.

3. Further inspection resulted in the discovery of multiple packages concealed inside the fuel tank, spare tire, quarter panels, rear doors, and center console of the Chevrolet. A total of 139 packages weighing 75.63 kilograms (166.74 pounds) were removed from the Chevrolet. A sample of the substance contained inside one of the

packages was field-tested utilizing a Gemini analyzer, which produced a positive identification of methamphetamine.

4. During a post-Miranda interview, SANCHEZ denied knowledge of the narcotics contained inside the Chevrolet. SANCHEZ claimed that he was being paid $60.00 dollars per trip to cross the Chevrolet and park it at the AA Parking or Food for Less grocery store in Calexico, California. SANCHEZ stated that he had previously smuggled methamphetamine into the United States from Mexico. SANCHEZ also stated that he had previously been paid to travel from Mexico to Blythe, California to retrieve heroin that he returned to Mexico.

C. History and Characteristics of the Defendant (18 U.S.C. § 3142(G)(3)):

1. Defendant is a resident of and has strong family ties to Mexico.
2. Defendant has unverified ties to the community.
3. Defendant is unemployed.
4. Defendant has a history of violating conditional release.
5. Defendant has a substance abuse history.
6. Defendant has a mental health history.
7. Defendant has a significant criminal history.

## II

## REASONS FOR DETENTION

A. There is probable cause to believe that Defendant committed the offense(s) charged in Criminal Complaint Number 21MJ08707, to wit: importation of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, U.S.C., §§ 952 and 960.

B. Defendant is a resident of and has strong family ties to Mexico.

C. The charged offense involves a large amount of controlled substances, specifically 166.74 pounds of methamphetamine.

D. The defendant was the driver and sole occupant of the vehicle.

E. Defendant has unverified ties to the community.

F. Defendant is unemployed.

G. Defendant has a history of violating conditional release.

H. Defendant has a substance abuse history.

I. Defendant has a mental health history.

J. Defendant has a significant criminal history.

## III

## **ORDER**

IT IS HEREBY ORDERED that Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

**THIS ORDER IS ENTERED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**
DATED: 8/27/2021

HON. RUTH BERMUDEZ MONTENEGRO
U.S. MAGISTRATE JUDGE

Prepared by:

RANDY S. GROSSMAN
Acting United States Attorney

Courtney Strange
Assistant U.S. Attorney

cc: James Johnson
    Counsel for Defendant

4